UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA SCHIFFER,

      Plaintiff,

v.                                              Case No:  8:14-cv-2804-T-17AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

      Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for a period of disability and SSI.  Tr. 226-232.  The Commissioner denied Plaintiff's claims both initially and upon reconsideration.  Tr. 167-68.  Plaintiff then requested an administrative hearing.  Tr. 182.  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified.  Tr. 126.  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits.  Tr. 109-25.  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied.  Tr. 1.  Plaintiff then timely filed a complaint with this Court.  Doc. 1.  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1974, claimed disability beginning on September 18, 2008. Tr. 119; 226. Plaintiff has a high school education and an associate's degree. Tr. 133. Plaintiff has no past relevant work. Tr. 119. Plaintiff alleged disability due to fibromyalgia; back, neck, and shoulder injuries; thyroid issues; high blood pressures; sinus issues; fatigue; high cholesterol; depression; anxiety; and insomnia. Tr. 244.

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 25, 2010, the application date. Tr. 114. After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: straightening of the cervical spine with disc bulges and canal narrowing and uterine fibroid. Tr. 114. Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 117. The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. 416.967(b). Tr. 117. In formulating Plaintiff's RFC, the ALJ considered Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, as well as the other opinion evidence in the record. Tr. 117.

Considering Plaintiff's noted impairments, the ALJ determined Plaintiff could still perform the full range of light work. Tr. 119-20. Based on Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff not disabled. Tr. 120.

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable

2

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues here that the ALJ erred by (A) improperly substituting his judgment for that of the medical experts; (B) failing to accord substantial weight to the treating physician; (C) failing to properly evaluate the effects of each and every impairment on Plaintiff; (D) failing to state with particularity the weight afforded to each item of impairment evidence; (E) improperly relying on a mechanical application of the Medical-Vocational Guidelines; (F) failing to articulate adequate reasons for finding Plaintiff not credible; and (G) failing to remand to consider new and material evidence. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. The ALJ did not improperly substitute his judgment for that of the medical experts.

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Plaintiff argues that the ALJ improperly substituted his own judgment for that of Drs. Van Ingen, Partyka, and Hightower, the nurse practitioner, and the mental health provider.

Plaintiff contends that the ALJ inappropriately discounted the opinions of Drs. Van Ingen, Partyka, and Hightower, as well as the opinion of the Suncoast experts, in concluding that Plaintiff's mental health issues were not severe. These medical professionals provided records stating that Plaintiff had certain medical issues related to depression and anxiety. However, substantial evidence supported the ALJ's decision to discount these reports because the opinions contained therein are not well-supported.

According to Dr. Van Ingen, Plaintiff suffered from depression and anxiety, which would impair her memory, ability to concentrate, ability to maintain a regular schedule, and

5

ability to relate to others. Tr. 626-28. The ALJ accurately applied the criteria from 20 C.F.R. Part 404, Subpart P, Appendix 1, to conclude that only a minor limitation was warranted, and that these ailments were not severe.

As to the first area, the activities of daily living, the ALJ noted only mild limitation. He cited evidence that Plaintiff was able to live alone, dress and groom herself, do laundry, and cook. Tr. 627. In addition, Plaintiff herself admitted that she was able to cook; do laundry; clean her kitchen and bathroom; shop for food, toiletries, and medication; dress herself; bathe herself; do her hair; and shave. Tr. 262-64. The record supports the ALJ's conclusion that only a mild limitation is warranted.

With regard to the second area, social functioning, although Dr. Van Ingen determined that Plaintiff would have difficulty relating to others, the ALJ also noted only mild limitation. The ALJ noted that Plaintiff participated in all DUI group sessions; enjoyed spending time with her family and mother and going to garage sales; was close with her mother, grandmother, and sister; and was sexually active. Tr. 421; 430; 449; 700; 738. In addition, Plaintiff admitted to speaking to her mother over the phone 1-5 times per day and visiting her mother every 1-2 weeks. Tr. 265. Plaintiff further admitted that she had no problem getting along with family, friends, and neighbors. Tr. 266. Despite Dr. Van Ingen's opinion, the record again supports the ALJ's conclusion that only a mild limitation is warranted.

Regarding the third area, concentration, persistence, or pace, the ALJ's opinion that Plaintiff had only a mild limitation is supported by the record. The ALJ notes the Plaintiff enjoys reading. Tr. 449. Plaintiff counts among her hobbies watching TV, listening to music, and going on the internet. Tr. 265. Dr. Van Ingen stated that Plaintiff's attention was slow, but accurate, and that she was able to do several attention and memory tests, which this supports the mild limitation. Tr. 626.

As to the fourth factor, decompensation of extended duration, Plaintiff has suffered no extended episodes of decompensation. In sum, the ALJ's decision to discount Dr. Van Ingen's testimony to conclude that Plaintiff had only mild, non-severe limitations from depression and anxiety was warranted.

Drs. Hightower and Partyka noted similar symptoms as Dr. Van Ingen. Drs. Hightower and Partyka noted moderate difficulties in maintaining social function and concentration, persistence, or pace. Tr. 640; 658. However, for the same reasons as the ALJ's decision to discount the assessment of Dr. Van Ingen's reports above, substantial evidence supports the ALJ's decision to discount these limitations described by Drs. Hightower and Partyka.

Plaintiff argues that the ALJ also was not warranted in discounting the opinion of the treating mental health counselor and nurse practitioner. By this, Plaintiff refers to the personnel at Suncoast Center, Inc. As the treatment records indicate, Suncoast personnel noted a history of major depressive episodes. Tr. 696, 719, 723. However, Aaron Brooks, ARNP, noted that Plaintiff had a stable mood, was responding well to Wellbutrin, and felt her mental symptoms were adequately treated. Tr. 719; 723. Suncoast reported that Plaintiff experienced difficulty doing everyday tasks, but Plaintiff stated that Wellbutrin helped her feel better. Tr. 721. In addition, Plaintiff performed those everyday tasks. Plaintiff was able to live alone, dress and groom herself, do laundry, and cook. Tr. 627. In addition, Plaintiff admitted that she was able to cook; do laundry; clean her kitchen and bathroom; shop for food, toiletries, and medication; dress herself; bathe herself; do her hair; and shave. Tr. 262-64. Accordingly, the ALJ did not err in discounting the opinions of the Suncoast personnel, insofar as he concluded that the mental health symptoms Plaintiff suffered were not severe.

**B. The ALJ had good cause to reject the opinions of Drs. Santi and Lockett.**

Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

### I.   Dr. Santi

Although Plaintiff argues that the ALJ was not justified in assigning little weight in his RFC determination to the opinion of Dr. Santi, her opinion was not bolstered by the evidence. Dr. Santi stated that she treated Plaintiff for five or six years, but provided almost no treatment records covering this time. Tr. 777. She provided two letters stating that Plaintiff had a list of ailments and was unable to work. Tr. 469; 777. However, in the absence of additional treatment records, it was fair for the ALJ to conclude that Dr. Santi's opinion was merely based on the opinion of other doctors, not on her own examination. Tr. 119. The ALJ further correctly discounted Dr. Santi's opinion that Plaintiff was "unable to sustain gainful employment at this time" and that it was "unlikely that she would be able to maintain any type of gainful employment." Tr.777; 469. Judgment regarding whether the Plaintiff is able to work is left to the Commissioner, and a physician's determination does not carry special legal weight. *See* 20 C.F.R. 404.1527(d)(1) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."); 20 C.F.R. 404.1527(d)(3). Thus the ALJ's decision to discount the opinion of Dr. Santi was supported by substantial evidence.

### II.     Dr. Lockett

The ALJ also had good cause to discount the opinion of Dr. Lockett because his findings were inconsistent with the medical evidence.  Plaintiff contends that the ALJ improperly discounted Dr. Lockett's opinion that Plaintiff suffered from fibromyalgia, lumbago, iliotibial band syndrome, and headaches, specifically as to whether these impairments were severe.  However, the ALJ had good cause to discount Dr. Lockett's opinion because his opinion was not bolstered by the evidence.  Although Dr. Lockett notes tenderness and muscle spasms in the lower spine and sacroiliac joint, an MRI indicated minimal bulges and no cord impingement.  Tr. 389.  Furthermore, Plaintiff had an "excellent cervical range of motion in all planes."  Tr. 482.  Although Plaintiff had a pelvic mass in 2012, it was removed.  Tr. 580-83.  Plaintiff additionally reported significant improvement in musculoskeletal pain through use of a TENS unit.  Tr. 683.  Although Dr. Lockett reported that Plaintiff experienced headaches, the CT scan and MRI of Plaintiff's brain were normal.  Tr. 669; 361; 492.  As noted by the Commissioner, the lack of objective basis for a complaint of headaches may properly provide grounds for the ALJ's characterization of the ailment as non-severe.  *Solomon v. Commissioner of Social Sec.*, 430 Fed. Appx. 853, 854 (11th Cir. 2011) (holding that plaintiff's complaints of severe headaches were not credible when plaintiff took medicine for the pain and an MRI revealed no neurological abnormalities); *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (upholding findings the plaintiff's headaches where not severe when doctors were not able to explain the complaints of the headaches).

Regarding fibromyalgia, the ALJ also had good cause to discount Dr. Lockett.  Dr. Lockett only made intermittent mention of fibromyalgia in the treating records from 2011.  Tr. 669-93.  He made no mention of fibromyalgia at all in the 2012 records. Tr. 713-18; 732-37;

758; 775-76. Based on the foregoing, the ALJ did not err in discounting the opinion of Dr. Lockett.[1]

### C. The ALJ did not improperly fail to evaluate the effects of Plaintiff's impairments.

In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929. In social security disability cases, credibility determinations fall within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221,1223 (11th Cir. 1991); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225; *see* 20 C.F.R. §§ 404.1529, 416.929. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Plaintiff contends that the ALJ improperly determined that multiple ailments Plaintiff alleged were not severe, including: fibromyalgia, lumbago, iliotibial band syndrome,

---

[1] This Court will not consider Dr. Lockett's RFC questionnaire from July 2013 for the reasons set forth in section III.G, *infra*.

headaches, major depressive disorder, and generalized anxiety disorder. The medical evidence which would have formed the basis for a more severe finding regarding these impairments was largely provided by Drs. Van Ingen, Partyka, Hightower, and Lockett, whose opinions the ALJ properly discounted, as discussed in sections III.A and III.B, *supra*.

Plaintiff argues that the ALJ improperly determined that Plaintiff's fibromyalgia, lumbago, headaches, and iliotibial band syndrome were not severe. However, the information which may have supported a finding of severity was supplied by Dr. Lockett, whom the ALJ had good cause to discount. *See* section III.B, *supra*. Thus, the ALJ did not err in determining that Plaintiff's headaches, fibromyalgia, iliotibial band syndrome, and lumbago were not severe. Similarly, Plaintiff alleges that the ALJ erred in determining that Plaintiff's major depressive disorder and generalized anxiety disorder were not severe. Again, the medical evidence which would have supported a severe diagnosis of generalized anxiety disorder and major depressive disorder was largely supplied by Drs. Van Ingen, Partyka, and Hightower, whose opinion the ALJ had good cause to discount. *See* section III.A, *supra*.

Plaintiff also relies on her own statements as evidence of the severity of her mental symptoms (for example, reports of panic attacks, trouble sleeping, crying spells, unwillingness to clean, shop, and unwillingness to engage in social situations). Tr. 135-37; 143-44. In addition, Plaintiff cites to her mother Ms. Anne Helmuth's statements to support a diagnosis of severe symptoms of depression and anxiety. Ms. Helmuth testified that Plaintiff did not keep up with normal care, that she checked on her daughter every day because Plaintiff was emotionally unbalanced, and that Plaintiff suffered from erratic weeping and mood swings and experienced panic attacks. Tr. 271; 275.

The other evidence of record does not corroborate Plaintiff's and Ms. Helmuth's statements, however. As noted previously, Plaintiff was able to live alone; dress and groom

11

herself; do laundry; cook; clean her kitchen and bathroom; shop for food, toiletries, and medication; dress herself; bathe herself; do her hair; and shave. Tr. 262-64; 627. Plaintiff further enjoyed spending time with her family and mother and going to garage sales; was close with her mother, grandmother, and sister; and was sexually active. Tr. 421; 430; 449; 700; 738. Lastly, the records from Suncoast Center, Inc. generally reflected improvement. Tr. 719 (reflecting that Plaintiff was responding well to Wellbutrin treatment with a stable mood); 723 (noting that Plaintiff claimed to be doing well, denied depression, and responded well to medication); 724 (reflecting that Plaintiff had difficulty leaving the house but managed to attend a family function). These portions of the record constitute substantial evidence to support the ALJ's determination that Plaintiff's symptoms were not entirely credible.

### D. The ALJ did not improperly fail to state with particularity the weight accorded each item of impairment evidence.

Plaintiff argues that the ALJ erred in failing to consider all of the medical evidence and to state the weight afforded to such evidence. Her argument centers on the ALJ's treatment of Dr. Van Ingen and the state agency mental health consultants, the "treating mental health providers" (the Suncoast personnel), and Dr. Lockett.

Regarding Dr. Van Ingen and the state agency medical consultants, Plaintiff contends that the ALJ failed to identify them by name explicitly assign weight to the opinions of these doctors. Although the ALJ does not name the experts in one paragraph of his decision, he cites to the portions of the record which identify each doctor by name. *See* Tr. 117 (citing to Tr. 624-65, which includes the records of Drs. Van Ingen, Hightower, and Partyka). In addition, the ALJ cites evidence from the record regarding his decision to assign them "only some weight." Tr. 117; *see also* section III.A, *supra*.

Regarding the Suncoast personnel, Plaintiff similarly argues that the ALJ did not identify them or state the weight afforded to their opinions. However, the ALJ identified the

portion of the record in which the Suncoast personnel appear and analyzed the evidence in those records, discounting the opinions of the Suncoast personnel to the extent their evidence indicated that Plaintiff's mental health ailments were severe. *See* Tr. 116; *see also* section III.A, *supra* (citing to Tr. 719-731).

Plaintiff's argument also fails regarding Dr. Lockett. Plaintiff contends that the ALJ did not adequately address Dr. Lockett's clinical findings and did not state the weight assigned to his opinion. It is readily apparent from the ALJ's decision that he gave little weight to Dr. Lockett's opinion insofar as Dr. Lockett diagnosed severe fibromyalgia, lumbago, sacroilitis, and iliotibial band syndrome. Tr. 114; *see also* section III.B, *supra*.

Plaintiff's reliance on *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011) is misplaced. Indeed, as Plaintiff contends, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," *id.* at 1179, but the circumstances in this case differ from those in *Winschel*. In *Winschel*, the ALJ did not discuss the medical opinions of two physicians and articulated no grounds for their rejection. *Id.* As discussed above, the ALJ examined medical evidence from all of the medical experts and appropriately discounted their findings.

### E.  The ALJ was justified in his use of the grids.

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are

codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. 404.1569(a), 416.969(a).

Here, Plaintiff argues that, because Plaintiff suffered depression and anxiety, the ALJ erred by applying the grid rule. Plaintiff attempts to bolster this argument by citing to evidence already referenced above: records provided by Drs. Partyka, Hightower, and Van Ingen; Plaintiff's own testimony; and the testimony of Ms. Helmuth. As stated above, the ALJ appropriately discounted the opinion of Drs. Partyka, Hightower, and Van Ingen. *See* section III.A, *supra*. In addition, the ALJ appropriately found Plaintiff's testimony regarding her symptoms to not be credible. *See* section III.C, *supra*; III.F, *infra*. Accordingly, substantial evidence supports the ALJ's decision to apply grid rule 202.20 in concluding that Plaintiff was not disabled.

### F. The ALJ did not fail to articulate specific reasons for finding Plaintiff's subjective complaints not credible.

Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221,1223 (11th Cir. 1991); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Plaintiff's asserts that substantial evidence does not support the ALJ's conclusion that Plaintiff was not credible. Plaintiff argues that the ALJ inappropriately discounted Plaintiff's testimony based on her activities of daily living because Plaintiff's statements regarding her mental symptoms were consistent with her daily living activities. Plaintiff further argues that it was inappropriate to discount Plaintiff's testimony based on her drug abuse history. Plaintiff's arguments fail.

The ALJ had substantial evidence to discount Plaintiff's credibility when considering not only Plaintiff's daily activities and drug and alcohol abuse records but also Plaintiff's work history, medical records, and the opinion of Dr. Le. First, regarding the activities of daily living, the ALJ relied upon substantial evidence to discount Plaintiff's testimony. Though Plaintiff reported to Dr. Van Ingen that she had "low motivation and energy" in performing the activities of daily living, that she experienced difficulty going to the grocery store, and admitted to "not really" cleaning her house and doing laundry, she nevertheless was able to live alone, dress and groom herself, do laundry, cook, clean her kitchen and bathroom, shop for food, toiletries, and medication, dress herself, bathe herself, do her hair, and shave. Tr. 143; 262-64; 627. Given Plaintiff's ability to perform the activities of daily living, the ALJ had thus had substantial evidence to conclude that Plaintiff's subjective complaints were not credible.

The ALJ also drew on Plaintiff's drug abuse history in concluding that Plaintiff was not credible. Plaintiff reported to Suncoast that, aside from Xanax and alcohol, she had not abused other illicit or prescription drugs. Tr. 697. However, Plaintiff had previously admitted to a history of abusing marijuana, alcohol, cocaine, painkillers (oxycontin), heroin, and ecstasy. Tr. 415. In addition, she had previous legal troubles with the sale and possession of ecstasy and the possession of cocaine, Xanax, and paraphernalia. Tr. 405. Dr. Pasem also noted that Plaintiff abused pain medication and heroin. Tr. 590. Regarding alcohol, Plaintiff stated that

15

she did not drink until her husband died in 2008. Tr. 148; 135. Elsewhere, however, she stated that she first drank at 18, and Plaintiff was charged with two DUIs in 2003. Tr. 405; 415. These inconsistent statements established good cause for the ALJ to question Plaintiff's credibility.

Lastly, the ALJ rightly noted that, although Plaintiff alleged a 2008 onset date, Plaintiff had not had a job since 1999, indicating that Plaintiff could be a malingerer. Tr. 236. In light of the foregoing evidentiary support, the ALJ's decision to discount Plaintiff's credibility was supported by substantial evidence.

### G.  Sentence six remand is not appropriate.

Finally, Plaintiff argues that the Court should remand this action pursuant to "section six" to consider additional evidence, namely an RFC Questionnaire completed by Dr. Lockett. Under sentence six of § 42 U.S.C 405(g), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When the Appeals Council receives new evidence after the hearing before the ALJ, "the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *see also Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (refusing to consider new evidence that related to a time period after the ALJ's hearing decision).

Although Plaintiff correctly notes that the Appeals Council did not consider the RFC Questionnaire, remand is not appropriate under sentence six. *See* Tr. 2. The RFC Questionnaire, completed by Dr. Lockett, is dated February 26, 2013. Tr. 103. The ALJ issued his decision on December 11, 2012. Tr. 120. Though the symptoms reported in the RFC Questionnaire are similar to those in Dr. Lockett's reports that were already before the ALJ,

16

nothing in the questionnaire gave any indication that the evaluation therein relates to the period before the ALJ issued his decision.  In the absence of such evidence, this Court will not presume that Dr. Lockett's 2013 report relates to a period before the ALJ's decision.  Thus, Dr. Lockett's RFC questionnaire will not serve as a basis for remand under sentence six.

**IV.**

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

   1.  The decision of the Commissioner be affirmed.

   2.  The Clerk be directed to enter final judgment in favor of the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 11th day of February, 2016.

_____

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:     Hon. Elizabeth Kovachevich
        Counsel of Record